IN THE UNITED STATES DISTRICT COURT
FOR THE EASTER DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       :

    v.                              :       2:17M316

JAMES HORTON                    :

**GOVERNMENT'S MOTION FOR PRETRIAL DETENTION**

The government, by and through its attorneys, Louis Lappen, Acting United States Attorney, and Eric L. Gibson, Assistant United States Attorney, hereby submits this Motion for Pretrial Detention to assist the Court in the Pretrial Hearing scheduled for Monday, March 6, 2017.

On March 2, 2017, JAMES HORTON was arrested pursuant to a complaint and warrant charging the defendant with one count of distributing, transporting, receiving and possessing child pornography, in violation of Title 18, United States Code Section §§ 2252 and 2252A.

For the following reasons, the government now moves for pretrial detention. The defendant stands accused of possession child pornography, which is defined as a crime of violence pursuant to 18 U.S.C. § 3156(a)(4)(C). First, the defendant poses a significant danger to the public, and children in particular. The results of recent forensic examination of the defendant's smart phone provided evidence of both enticing a minor to engage in sexual activity and also causing a minor to create a video capturing the minor engaged in sexual activity. Additionally, after agreeing to submit to a polygraph examination, HORTON admitted during the examination to inappropriately touching male twins while bathing them. The twins are now

five years old, but HORTON told the polygraph examiner that the twins were one or two years old when he received sexual gratification by touching the children in the bath.

Second, if convicted, the defendant faces a prison sentence with a statutory maximum of 20 years in prison, with a mandatory minimum sentence of imprisonment of 5 years.

Thus, he has ample motivation to flee the area to avoid prosecution. Therefore, no conditions of release will reasonably assure the defendant's appearance in court to face prosecution.

Pursuant to 18 U.S.C. Section 3142(e)(3)(E), there is a rebuttable presumption that Horton should be detained for the violations of §§ 2252 and 2252A. For these reasons and others, the government moves pursuant to 18 U.S.C. §§ 3142(e), (f)(1)(A) for a detention hearing and pretrial detention for the defendant.

**I.      THE FACTS**

In support of this motion, the government makes the following representations and proposed findings of fact:

    **A.      Probable Cause And The Evidence In This Case**

1. There is probable cause to believe that HORTON has violated Title 18, U.S.C. §§ 2252, and 2252A. The information set forth in the Affidavit in support of the Complaint, as summarized below, shows the following.

2. In July 2016, Homeland Security Investigations (HSI) Philadelphia received a report that had been submitted to the National Center for Missing and Exploited Children (NCMEC). The report had been submitted to NCMEC by Dropbox, Inc. regarding the Yahoo

email address rsand1987@yahoo.com, which was utilized to upload images and videos of child pornography. Dropbox is a file syncing and collaboration service that allows users to access and share files on computers, phones, tablets and the Dropbox website. Dropbox, Inc. indicated that the images and videos were viewed by multiple individuals utilizing multiple IP addresses. One individual utilized IP address 100.11.42.129 (SUBJECT IP ADDRESS). HSI Philadelphia reviewed the CyberTipline report, which was found to contain approximately 326 image and video files of child pornography.

    3.    The SUBJECT IP ADDRESS accessed the Dropbox link containing the images and videos of child pornography on 3/13/16 @ 11:02:51 UTC, 3/14/16 @06:53:18 UTC, 3/23/16 @02:02:51 UTC, 3/25/16 @ 05:21:08 UTC, 3/27/16 @04:50:22 UTC, 3/28/16 @ 07:11:36 UTC, 3/29/16 @ 07:06:34 UTC, 3/30/16 @ 12:57:52 UTC and 4/2/16 @ 03:48:53 UTC. On September 12, 2016, an administrative summons was served to Verizon requesting subscriber information for the SUBJECT IP ADDRESS related to the aforementioned dates and times. On September 14, 2016, Verizon responded with subscriber information linking the SUBJECT IP ADDRESS to HORTON's residence and a relative of the defendant.

    4.    The majority of the images and videos reported within the Dropbox link depict prepubescent children engaged in sexually explicit conduct and depict child exploitation activity. HSI reviewed the contents of the Dropbox account and determined that more than 95% of the images meet the definition of child pornography found in 18 U.S.C. § 2256. Several of the images and videos are documented below:

        a.    File name "678e59bd-078f-44d2-b6f6-c5cf0b2e48c4" is an image that depicts an unknown naked male anally penetrating an unknown naked prepubescent male; both of the males' faces are not visible in the picture

  b. File name "selfvideo_for_tlz AC" is a video that depicts a prepubescent male wearing only a pair of dark colored shorts; the video starts with the prepubescent male holding a piece of paper that reads "Hello Tiz! Im Doing Request For All You Pedo's! Long Live TIZ!" with a smiley face; the prepubescent male lowers his dark colored shorts and starts to masturbate; the video is 1 minute and 10 seconds in length

  c. File name "4e757a4a-8048-4106-95fd-be049371a818" is an image that depicts a naked prepubescent male laying on his back on a blue sheet; the male has his legs pulled to his chest, legs spread exposing his anus and genitals

  d. File name "5fc1c9f0-d39b-4ae2-962a-4807df796138" is a video that depicts an infant male wearing only a shirt; an unknown individual is manually stimulating the infant male's penis; the unknown individual then digitally penetrates the infant male's anus; the video is 1 minute and 35 seconds in length

  e. File name "[boy+man] !!newpedrinho8yanal(complete1,10)(2)_x264 is a video that depicts an unknown adult male anally penetrating a prepubescent male with an erect penis; the prepubescent male is wearing only a grey shirt and appears to be kneeling on a chair; the prepubescent male does not look at the camera and the unknown adult male's face is not visible; the video is 1 minute and 10 seconds in length

  5. The government inquired with Dropbox to determine if it is possible to identify which images the person viewed in the Dropbox file. Dropbox has answered that they do not have the IP addresses for the specific files that were accessed. They only log the fact that the IP address accessed the shared folder.

  6. A search within the Pennsylvania Department of Motor Vehicles found that HORTON's uncle has a Pennsylvania ID associated with the 3857 Melon St, Flr. 1, Phila., PA 19104 ("SUBJECT PREMISES").

  7. On September 15, 2016, HSI requested the mail recipients at the SUBJECT PREMISES through the United States Postal Service. On September 20, 2016, the United States Postal Service responded stating that HORTON's mother is currently receiving mail at the SUBJECT PREMISES.

8. On January 27, 2017, HSI conducted a search of the SUBJECT PREMISES pursuant to a duly authorized search and seizure warrant issued by the Honorable Jacob P. Hart, United States Magistrate for the Eastern District of Pennsylvania.

9. While at the SUBJECT PREMISES, defendant JAMES HORTON agreed to be voluntarily interviewed related to the violations of 18 U.S.C. §§ 2252(a) and 2252A. HORTON stated to HSI that he has lived at the SUBJECT PREMISES for one or two years and that he resides there with his mother, his grandmother, and 17 year old brother. He further stated that his uncle had lived there at one time, but had left the SUBJECT PREMISES in October or November of 2016 to live with the uncle's girlfriend. HORTON also stated that his uncle was not very computer savvy and that HORTON had set up the internet service with Verizon Fios and pays the bill although HORTON placed the account in his uncle's name.

10. HORTON admitted to having a Dropbox account, but initially denied ever seeing any child pornography, and claimed that he only viewed pornography with women and men approximately 18 to 24 years old. Later in the interview, HORTON stated that a few weeks prior to the search, he may have seen pornography that contained individuals under the age of 18. He also told HSI that if there is child pornography on his external hard drive that his uncle must have put it there because he was the original owner of the hard drive.

11. HSI completed the execution of the search warrant, seized various items and computer equipment as authorized by the search warrant, and left the SUBJECT PREMISES. HORTON remained at the residence.

12. On January 30, 2017, HSI received a telephone call from defendant HORTON. During the call, HORTON asked HSI if he could provide additional information and

arrangements were made to meet at the U.S. Customs House in Philadelphia later that day. At approximately 11:25 a.m., HORTON arrived and was escorted to an interview room where he signed a Miranda Rights Form. After signing the form, HORTON handed HSI a handwritten note in which HORTON claimed, among other things, that he had set up a fake account on the internet to do "research," and that he would report people he believed were viewing child pornography. In the note, he claimed he was "compiling evidence" against child pornographers, and that he "would never hurt a child."

13. After handing the note to HSI, HORTON stated that he received child pornography on the internet, but that he would delete it. He further claimed that he set up a fake account to pose as a teenage girl ("Riley') so that he could report inappropriate users.

14. HORTON then admitted that pornography depicting adults was not satisfying to him, so he began viewing pornography with teenage males. He stated he was interested in males approximately 16 years old, but said that he had viewed pornography depicting males as young as 14 years old. HORTON further admitted that rsand1987@yahoo.com was the email address he used to set up the Dropbox account containing child pornography.

   **B.**   **Additional Background**

15. Following the disclosures to HSI, HORTON voluntarily committed himself to Belmont Behavioral Hospital in Philadelphia from February 3 through February 8, 2017. According to HORTON, he was attending therapy for suicidal thoughts.

16. After retaining counsel, on February 28, 2017, HORTON agreed to sit for a polygraph examination. During the examination, HORTON told the polygraph examiner that he began viewing child pornography in approximately 2013, and that he created a special email

account to receive child pornography. HORTON admitted to the examiner that he received and traded child pornography with others. He further told the examiner that he had not had sexual contact with anyone under the age of 18 after he, HORTON, had reached the age of 18.[1]

17. During the examination, HORTON also told the examiner that he gets "aroused" when a 14 or 15-year old child walks into the Sunoco station where HORTON works. HORTON also told the examiner that he gets aroused when children sit in his lap, and specifically referenced five-year old twins, as an example, whom he described as family members.[2]

18. HORTON disclosed to the examiner that he liked seeing the twins naked when "washing up," and that when they were two-years old he touched their genitals while bathing them "more than normal" for sexual gratification.

19. Upon examination of HORTON's smart phone recovered during HSI's search of the SUBJECT PREMISES, a forensic computer agent located an exchange dated January 16, 2017 on the cellular telephone application Kik in which HORTON, posing on-line as a minor female, persuaded a prepubescent teenage boy to send him a video of the prepubescent boy in the nude and masturbating.

C. **Maximum Penalties**

---

1 On the specific issue of whether HORTON had physical sexual contact with minors, he failed the polygraph examination.

2 The government has determined that the twins referred to by HORTON are the children of former caregiver for HORTON's now deceased grandfather, but not related to HORTON by blood. Based upon information and belief, the last time HORTON saw the twins was approximately three weeks ago.

20. Based upon the current charges, HORTON faces a maximum sentence of 20 years' imprisonment and a mandatory minimum sentence of five years' incarceration.3   Thus, HORTON has a significant incentive to flee.

### D. **Criminal Record**

21 . HORTON has no prior convictions.

---

3 The facts set forth in Paragraph 19 suggest that additional charges of enticement (18 U.S.C. § 2422(b) – mandatory minimum of 10 years) and production (18U.S.C. § 2251 – mandatory minimum of 15 years) are possible.

### E. Community Ties/Employment

22. While HORTON has family ties and had a position of employment at a Sunoco station in Bryn Mawr, he is currently on a "leave of absence," according to HORTON for "mental health concerns." More troubling, HORTON reported to HSI that he became "aroused" when a 14 or 15-year old child walked into the Sunoco station where HORTON worked. Regarding his family ties, HORTON hid from family his sexually abusive conduct towards the aforementioned five-year twins. Additionally, during the search of the SUBJECT PREMISES, HORTON falsely suggested to federal investigators that if evidence of child pornography were recovered on electronic devices from his residence, it belonged to his uncle. Under these circumstances, HORTON's family ties are no guarantee that he will not flee or harm himself or others.

### F. There Are No Conditions of Release That Will Be Adequate to Protect the Community and Assure Sturman's Appearance.

23. There are no conditions, other than confinement, that are adequate to protect the safety of the community and to assure HORTON's appearance. While the defendant may have ties to the community, the defendant presents a significant danger to the public. Based on the child pornography images involved in this case and chat logs indicating HORTON is communicating with at least one teenage boy coupled with his admissions to HSI, it is clear that he represents a serious danger to the community and should be detained pending resolution of this case.

24. Research conducted into the characteristics of online sex offenders, who download and view images of the sexual exploitation of children, shows the danger that such defendants present. In Seto, Cantor, and Blanchard, "Child Pornography Offenses Are a Valid

Diagnostic Indicator of Pedophilia" *Journal of Abnormal Psychology*, 2006, Vol. 115, No. 3, pp. 610B615, the authors found that collectors of child pornography were 2.8 times more likely to be pedophiles than other offenders against children. They wrote, "Our results indicate that child pornography offending is a valid diagnostic indicator of pedophilia. Child pornography offenders were significantly more likely to show a pedophilic pattern of sexual arousal during phallometric testing than were comparison groups of offenders against adults or general sexology patients. In fact, child pornography offenders, regardless of whether they had a history of sexual offenses against child victims, were more likely to show a pedophilic pattern of sexual arousal than were a combined group of offenders against children." *Id*. at 613. This research merely confirms the common sense notion that someone who collects pictures and videos of children engaged in sexual activity is sexually aroused by such images.

25. In Seto, Hanson, & Babchishin, "Contact Sexual Offending by Men With Online Sexual Offenses" *Sexual Abuse: A Journal of Research and Treatment*, 23(1), 124-145, December 2010, the authors conducted a meta-analysis of 24 studies of online sexual offenders. They found was that, if the only indicator one relied upon was arrests or convictions, the number of these men who were involved in contact offenses with children was low - generally less than 20%. However, when studies used polygraph testing, or some other means to insure honest, self-reporting (such as anonymity or immunity from prosecution as part of a treatment program), the numbers were radically different. The studies with these types of validation determined that <u>fifty-five percent</u> of the men whose only charged offense was the receipt and possession of child pornography admitted to contact offenses against children. The Seto study was based upon many studies, but its results have been confirmed by other, independent studies, as well. In

Buschman, Wilcox, Krapohl, Oelrich, & Hackett, "Cybersex Offender Risk Assessment: An Explorative Study," Journal of Sexual Aggression, July 2010, Vol. 16, No. 2, pp. 197 209, the study was done on those whose only offense was possession of child pornography. Fifty-five percent of the subjects in that study, when polygraphed, admitted to contact offenses with children. Those considerations may not apply to a particular defendant, are worth considering when deciding the risk of flight and danger to the community of any defendant charged with a child exploitation offense.

## II.  CONCLUSION

When all these factors are viewed in light of the substantial sentence defendant faces if convicted, it is clear that no condition or combination of conditions will reasonably assure the presence of the defendant as required and/or the safety of the community.

WHEREFORE, the government respectfully submits that its Motion for Defendant's Pretrial Detention should be granted.

Respectfully submitted,

LOUIS LAPPEN
Acting United States Attorney


s/ Eric L. Gibson
Eric L. Gibson
Assistant United States Attorney

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | | 2:17M316 |
| v. | : | |
| **JAMES HORTON** | : | |

## PRETRIAL DETENTION ORDER

AND NOW, this      day of March, 2017, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that this case is appropriate for detention under Title 18, United States Code, Section (f)(1)(A) because:

(a) the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required; and

(b) the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e).

The Court makes the following findings of fact:

1. There is probable cause to believe that the defendant has violated 18 U.S.C. §§ 2252 and 2252A.

2. The evidence in this case is strong. Defendant admitted to possession of multiple images of child pornography and was in possession of at least one video of child pornography, a prepubescent male engaged in sexual activity with himself apparently at the direction of the defendant.

3. There is probable cause to believe that the defendant committed an offense for which there is a statutory maximum penalty of 20 years in prison with a mandatory minimum of five years of imprisonment. Accordingly, the defendant has a substantial incentive to flee to avoid prosecution.

4. The strength and nature of the case against the defendant combined with the strong likelihood that the defendant will be incarcerated for a significant period of time, establishes the defendant's danger to the community and increases the risk that he will not appear as required by the Court.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

_____
HONORABLE LYNNE A. SITARSKI
United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

      I certify that a copy of the Government's Motion for Pretrial Detention, and Proposed Order was served by electronic service on the following defense counsel:

      Brian J. Zeiger, Esquire
      Levin & Zeiger LLP
      Two Penn Center
      1500 JFK Boulevard
      Suite 620
      Philadelphia, PA 19102
      215.546.0340 voice
      215.279.8702 fax
      267.225.1776 mobile

      s/ Eric L. Gibson
      ERIC L. GIBSON
      Assistant United States Attorney

Date: March 6, 2017